**PARKER et al. v. WILLIAMS.**

No. 891.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 21, 1950.

Decided March 3, 1950.

Lewis E. Barnes, Washington, D. C., for petitioners.

Denis K. Lane, Washington, D. C., for respondent.

Ernest F. Williams, General Counsel, and Ruffin A. Brantley, Assistant General Coun-sel, Washington, D. C., for Robert F. Cogs-well, Administrator of Rent Control.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

PER CURIAM.

Petitioners filed with the Administrator of Rent Control a petition for adjustment of the maximum rent ceiling of certain housing accommodations. The proceeding was under section 4 of the Emergency Rent Act [1] and after a hearing the examin-er made findings and recommended an or-der in accordance with section 8.[2] The recommended order contained the usual notice that it would be deemed the order of the Administrator on its effective date (December 30, 1949) unless a request for a rehearing before the examiner under Rule 20 or for review by the Administrator un-der Rule 21 was filed prior to said effective date.

On December 29 the Administrator re-ceived from petitioners' counsel a letter of protest against the recommended order, and on the same day petitioners through their counsel filed in this court a petition for review of the "order of the Adminis-trator of Rent Control." The Adminis-trator and the respondent have moved to dismiss the petition for review.

The petition for review must be dismissed. There is no final order of the Administrator which can be reviewed. The recommended order of the examiner was merely tentative. Before its effec-tive date petitioners filed their letter of protest. This letter was informal but its purpose was obvious. It complained that the proposed rent ceiling was inadequate and in effect asked the Administrator to re-view the proceedings and order a higher ceiling. We think it constituted an in-formal but adequate petition for review by the Administrator. The filing of it pre-vented the examiner's recommended or-der from becoming effective. Thus, as said before, there is no final order of the Administrator subject to review by this court under section 9 of the Rent Act.[3]

1. Code 1940, Supp. VII, 45—1604.
2. Code 1940, Supp. VII, 45—1608.
3. Code 1940, Supp. VII, 45—1609:

The petition for review filed here is dismissed and the case is remanded to the Administrator with directions to review the recommended order of the examiner and take appropriate action thereon.